UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61483-CIV-ZLOCH

DUNKIN' DONUTS FRANCHISING
LLC, DD IP HOLDER LLC,
BASKIN-ROBBINS FRANCHISING
LLC, BR IP HOLDER LLC,

**FINAL ORDER OF DISMISSAL
 AS TO COUNTS I & II**

     Plaintiffs,

vs.

KOMAL INTERNATIONAL, INC.,
SHAMIM GOWANI, and MAHMOOD
IBRAHIM,

     Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    Plaintiffs initiated the above-styled cause to recover damages for Defendants' alleged breach of franchise agreements and damage to Plaintiffs' trademarks and trade dress. The Complaint (DE 1) filed herein asserts claims under the Lanham Act, 15 U.S.C. §§ 1051, et seq. (2006), and Florida state law. The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to Plaintiff's federal claims in Counts III-V. It is unclear whether Plaintiffs assert that this Court has jurisdiction over the state law claims in Counts I & II pursuant to § 1332 or 1367, as each is recited in the Complaint. See DE 1, ¶ 8. The Court will analyze the state law claims under both sections.

I.

Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." The dictates of § 1332, keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. As Justice Stone stated in reference to § 1332 in Healy v. Ratta, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." 292 U.S. 263, 270 (1934)

These dictates stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (1984).

A review of the Complaint (DE 1) filed herein reveals that the requisite diversity of citizenship as to Plaintiffs and Defendants

is not apparent on its face.  The Complaint states, in relevant part:

> 1. Plaintiff, Dunkin' Donuts Franchising LLC ("DDF"), is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.
>
> 2. Plaintiff, DD IP Holder LLC ("DDIP"), successor-in-interest to Dunkin' Donuts USA, Inc., is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.
>
> 3. Plaintiff, Baskin-Robbins Franchising LLC ("BRF") is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.
>
> 4. Plaintiff, BR IP Holder LLC ("BRIP"), successor-in-interest to Baskin-Robbins Incorporated, is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

DE 1, ¶¶ 1-4.

The Complaint fails to sufficiently allege the citizenship of all Plaintiffs for the Court to determine whether it has jurisdiction over the above-styled cause.  "A limited liability company is a citizen of any state of which a member of the company is a citizen."  <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).  The Complaint lacks an allegation regarding the citizenship of all members of each Plaintiff, which is necessary to complete the requisite allegations for diversity.  Therefore, because Plaintiffs have failed to allege properly the citizenship of each of their members, they have failed to allege the diversity of citizenship for all of the named Parties and have not met the initial burden of establishing this Court's

jurisdiction over the above-styled cause.

In dismissing the above-styled cause due to Plaintiff's failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

II.

In the alternative, the Court will analyze the state law claims alleged in Counts I and II under its supplemental jurisdiction.  28 U.S.C. § 1367.  Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006). It is clear that this Court has original jurisdiction over the federal law claims asserted in Counts III-V pursuant to 28 U.S.C. § 1331. After reviewing Plaintiffs' Complaint herein, the Court finds that the state law claims asserted in Counts I and II are so related to the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). The relevant statute provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

28 U.S.C. § 1367(c). Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts I & II of the Complaint (DE 1) because those claims present

questions of state law which would otherwise predominate over the federal claims present here. The Court finds that such state law claims would tend to dominate the federal claims and obscure their significance. See <u>Winn v. North Am. Philips Corp.</u>, 826 F. Supp. 1424, 1426 (S.D. Fla. 1993). Therefore, pursuant to § 1367(c)(1) and (2), the Court will exercise its discretion and dismiss the state law claims set forth in Counts I & II as such state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claims presented here.

The Court recognizes that current trends in the law favor expanded federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' claims raised in Counts I & II of the Complaint (DE 1) be and the same are hereby **DISMISSED** for the Court's lack of

jurisdiction over the same;

2. In the alternative, Plaintiff's claims raised in Counts I & II of the Complaint (DE 1) be and the same are hereby **DISMISSED** because the Court declines to exercise its jurisdiction over the same.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___28th___ day of October, 2008.

```
                              _____
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

All Counsel of Record