UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61483-CIV-ZLOCH

DUNKIN' DONUTS FRANCHISING
LLC, DD IP HOLDER LLC,
BASKIN-ROBBINS FRANCHISING
LLC, BR IP HOLDER LLC,

    Plaintiffs,

vs.

KOMAL INTERNATIONAL, INC.,
SHAMIM GOWANI, and MAHMOOD
IBRAHIM,

    Defendants.
_____/

**DEFAULT FINAL JUDGMENT
AND PERMANENT INJUNCTION
AS TO DEFENDANTS
KOMAL INTERNATIONAL, INC.
AND SHAMIM GOWANI**

    THIS MATTER is before the Court Plaintiffs' Motion For Entry Of Default Final Judgment And Permanent Injunction (DE 14). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The Court notes that Defendants Komal International, Inc. and Shamim Gowani (hereinafter "Defendants") were duly served on September 18, 2008, with a copy of the Complaint and Summonses filed herein. See DE Nos. 8 & 9. Said Defendants failed to file a response to the Complaint within the time prescribed by law, and by prior Order (DE 12) the Court entered default and ordered Plaintiffs to file the instant Motion.

    In a default proceeding, the well-pleaded allegations made in Plaintiffs' Complaint (DE 1) are deemed to have been admitted by Defendants by virtue of their default. Cotton v. Mass. Mut. Life

Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005)(citations omitted).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiffs Dunkin' Donuts Franchising LLC, DD IP Holder LLC, Baskin-Robbins Franchising LLC, and BR IP Holder LLC's Motion For Entry Of Default Final Judgment And Permanent Injunction (DE 14) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

A. Pursuant to Federal Rules of Civil Procedure 55, 58, and 65, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiffs Dunkin' Donuts Franchising LLC, DD IP Holder LLC, Baskin-Robbins Franchising LLC, and BR IP Holder LLC and against Defendants Komal International, Inc. and Shamin Gowani;

B. The Court finds that Defendants Komal International, Inc. and Shamin Gowani knowingly and intentionally used Plaintiffs' trademarks, trade names, and trade dress in a manner likely to confuse and deceive the public into believing that they were authorized by Plaintiffs to do so or were in some other way connected or affiliated with Plaintiffs in violation of 15 U.S.C. §§ 1114 & 1125;

C. Defendants Komal International, Inc. and Shamin Gowani,

individually and collectively, and all those acting in concert therewith, are hereby permanently **ENJOINED** from:

a. utilizing Plaintiffs' trademarks, trade names, service marks, and trade dress;

b. using in commerce any trademarks, service marks, and trade dress directly or indirectly at any time to identify the products and/or services offered in Dunkin' Donuts and Baskin-Robbins shops, including the marks Dunkin' Donuts® and Baskin-Robbins®, and the distinct building designs and interior and exterior color schemes or any colorable imitation or indicia thereof;

c. continuing to use for any purpose all signs, fixtures, furniture, decor items, advertising materials, forms, and other materials and supplies that display any of the trademarks or distinctive features, images, or designs associated with a Dunkin' Donuts or Baskin-Robbins shop;

D. Defendants Komal International, Inc. and Shamim Gowani shall promptly remove from the buildings and premises located at 3715 Hollywood Boulevard, Hollywood, Florida 33021 and discontinue using for any purpose all signs, fixtures, furniture, decor items, advertising materials, forms, and other materials and supplies that display of any of the trademarks or any distinctive features, images or designs associated with a Dunkin' Donuts or Baskin-Robbins shop and, at said Defendants' own expense, make such alterations as may be necessary to distinguish all buildings so

clearly from the appearance as Dunkin' Donuts or Baskin-Robbins shops as to prevent any possibility of confusion to the public;

3. In all other respects, Plaintiffs' instant Motion be and the same is hereby **DENIED**; and

4. Plaintiffs shall file any motion to recover their attorney's fees from Defendants Komal International, Inc. and Shamim Gowani within ten (10) days of the date of this Final Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___28th___ day of October, 2008.

                                           WILLIAM J. ZLOCH
                                           United States District Judge

Copies Furnished:

All Counsel of Record